UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1-02-CR-115 |
| | ) | |
| SYLVANUS T. WILLIAMS | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Sylvanus T. Williams's Motion for Return of Illegally Seized Funds, filed September 1, 2005. The Defendant states that when he was arrested on November 17, 2002, the police confiscated $789 it found in his pants pocket. The Defendant argues that the money was not found by a jury beyond a reasonable doubt to have been related to his indictment and conviction.

The government's response, filed on September 21, 2005, directs the Court to Allen Superior Court cause number 02D01-303-PL-109. The case was a civil forfeiture action under I.C. § 34-24-1-1(a)(2) by the state of Indiana against the $789 at issue here along with $620 found in the Defendant's car. The court entered default judgment as the Defendant failed to respond.

The Defendant argues in his reply, filed on October 6, 2005, that once he was indicted by the Federal Grand Jury, the state lost jurisdiction to pursue its forfeiture claim and that forfeiture had to be pursued under federal law.

First, the Court notes that a federal indictment does not prevent a state from bringing a separate case, including one for civil forfeiture, based on the same underlying conduct. Because the federal government and the state government are separate sovereigns, there is no double jeopardy problem with separate proceedings. *United States v. Brocksmith*, 991 F.2d 1363, 1366 (7th Cir. 1993) ("[T]wo sovereigns (such as the states and the federal government . . . .) may prosecute an

individual for the same conduct if it violates the laws of each."); *see also United States v. Jackson*, 904 F. Supp. 1185 (D. Or. 1995) (holding under similar facts that there is no double jeopardy problem).

Second, this Court has no power overturn the judgment entered by the Allen Superior Court, as the Defendant is asking this court to do. The *Rooker-Feldman* doctrine "bars federal subject matter jurisdiction over issues raised in state court, and those inextricably intertwined with such issues . . . ." *Brokaw v. Weaver*, 305 F.3d 660, 668 (7th Cir. 2002); *see also Haas v. Wisconsin*, 241 F. Supp. 2d 922, 924–926 (E.D. Wisc. 2003) (holding that the *Rooker-Feldman* doctrine prevented the district court from considering the plaintiff's claims—a 1983 claim and various state claims contesting his incarceration for refusing to comply with state court default judgments—because the plaintiff complained of "no injuries that [were] distinct from those resulting from the court's orders" and because the "plaintiff could have raised the claims he raises here in municipal court"). If this Court ordered the Defendant's $789 returned, it would be reconsidering the very matter ruled on by the state court.

However, there is an exception to the *Rooker-Feldman* doctrine: "an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings." In this case the exception does not apply. The Defendant was issued a summons on March 3, 2003, alerting him to the state's suit. The Defendant had an opportunity to contest the forfeiture of his $789 in state court but failed to do so. Thus, this Court is prohibited from interfering with the state court's judgment.

For these reasons, the Defendant's motion [DE 156] is DENIED. The Court also DENIES the Defendant's Motion to Reconsider Motion to Disqualify Counsel [DE 159] as it relates to an appeals court decision this Court has no power to reconsider.

SO ORDERED on November 21, 2005.

                                                /s/ Theresa L. Springmann  
                                          THERESA L. SPRINGMANN  
                                          UNITED STATES DISTRICT COURT