**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:02-CR-115-TS |
| | ) | |
| SYLVANUS T. WILLIAMS | ) | |

**OPINION AND ORDER**

The Court is in receipt of Defendant Sylvanus Williams' letter, which states that it is to be construed as Motion for Extension of Time to File a 28 U.S.C. § 2255 Petition [DE 183]. The Defendant dated his letter July 28, 2008, and it was docketed on July 31, 2008. The Defendant states that he has been unable to file a habeas corpus petition for various reasons. The motion seems to seek advice on the timeliness of a § 2255 petition and to request an extension of time to file such a petition.

What the Defendant seeks is essentially an advisory opinion, which federal courts are not authorized to issue. A district court can only rule on the timeliness of a § 2255 petition once the petition has been filed. Because the Defendant has not yet filed such a petition, the timeliness issue and request for an extension of time do "not raise issues that are ripe for judicial determination." *Harris Trust and Sav. Bank v. E-II Holdings, Inc.*, 926 F.2d 636, 640 n.14 (7th Cir. 1991). The Defendant's request, like the request of the trustees in *Harris Trust*, is "premised on pure speculation as to what the future may hold." *Id.* Legal issues, like "[cases][,] are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Hinrichs v. Whitburn*, 975 F.2d 1329, 1333 (7th Cir. 1992). Accordingly, the Court cannot answer the Defendant's query about the timeliness of a potential § 2255 petition.

Also, the Court may not grant any extension of time for a petition that has not yet been (and may not yet be) filed. *See Ramirez v. United States*, 461 F. Supp. 2d 439, 440–41 (E.D. Va. 2006) (citing cases from several circuit and district courts for the same holding and noting that there were no cases to the contrary).

The Court can only refer the Defendant to the relevant statute. Federal law provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In conclusion, the Court DECLINES to rule on the Defendant's Letter/Motion. Insofar as it is deemed to be a motion, the Clerk is directed to terminate the motion.

So ORDERED on August 13, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT